IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW D. HOUGHTON, HB-0390, )
    Petitioner, )
     )
    v. ) 2:11-cv-188
     )
STEVEN GLUNT, et al., )
    Respondents. )

I. Recommendation:

It is respectfully recommended that the petitioner of Matthew D. Houghton for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Matthew D. Houghton, who at the time this action was filed was an inmate at the State Correctional Institution at Houtzdale and was subsequently transferred to the State Correctional Institution at Greensburg, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Houghton is presently serving a five to ten year sentence imposed following his conviction upon a plea of *nolo contendere* to charges of statutory sexual assault and corruption of minors and unauthorized use of a motor vehicle at Nos. CC 200608556, 200610663, 200613495, 200613842 and 200612771 in the Court of Common Pleas of Allegheny County, Pennsylvania. As part of a plea agreement the Commonwealth withdrew charges of involuntary deviate sexual intercourse, indecent assault and selling/furnishing liquor to a minor. This sentence was imposed on April 23, 2007.[1]

A timely notice of appeal to the Superior Court was filed and later discontinued at the petitioner's request.[2]

---

[1] See: Petition at ¶¶ 1-6 and the answer of the Commonwealth.
[2] See: Exhibit 6 to the answer.

1

Houghton filed a post-conviction petition on October 28, 2007. Following a hearing, relief was denied on May 7, 2008. An appeal was taken to the Superior Court in which the issues presented were:

> 1. Did the trial court err in denying appellant's PCRA petition since appellate counsel Ciroli was ineffective for discontinuing the Superior Court Appeal at No. 1039 WDA 2007 because appellant had a valid sentencing issue, and trial counsel Kustra was ineffective for failing to allege, in his motion to modify sentence, the failure to state adequate reasons for sentencing outside of the aggravated range of the guidelines, imposing aggravated range sentences or imposing consecutive sentences?
>
> 2. Did the trial court err in denying appellant's PCRA petition since appellant's plea was involuntary since he only pled to the instant crimes due to promises from trial attorneys Sweeney and Kustra that if he pled to the statutory sexual assault at 10663-2006 he would only have to serve a 6 month county sentence in the county jail and be sentenced to probation at the other counts and cases, and that he would possibly get a sentence of 1 month in the jail with the remaining 5 months in alternative housing. Appellant wanted to withdraw his nolo plea and go to trial and Mr. Sweeney told him that it would take 6 months to get a trial date and that he could have his 6 month sentence (with a max of 7 years) completed, if he pled, before any trial date, so he took the plea offer? Hence, were both trial counsel ineffective?[3]

On January 4, 2010, the denial of post-conviction relief was affirmed.[4] A petition for allowance of appeal was filed in which these same issues were presented for review and leave to appeal was denied by the Supreme Court of Pennsylvania on December 1, 2010.[5]

The instant petition was executed on February 6, 2011 and in it Houghton contends he is entitled to relief on the following grounds:

> 1. Did the PCRA court err in denying Houghton's PCRA petition where: (a) Attorney Ciroli was ineffective for discontinuing Houghton's direct appeal where Houghton had a valid sentencing issue, and (b) Attorney Kustra was ineffective for failing to allege, in his post-sentence motion to modify sentence, the trial court's failure to state adequate reasons for sentencing outside of the aggravated range of Sentencing Guidelines for statutory sexual assault, imposing aggravated range sentences generally, and imposing consecutive sentences?

---

[3] See: Exhibit 10 to the answer at pp.88-89.
[4] See: Exhibit 11 to the answer.
[5] See: Exhibit 12 to the answer at p.167 and Superior Court docket No. 923 WDA 2008.

2

2. Did the PCRA court err in denying Houghton's PCRA petitioner where: (a) Houghton only entered into the *nolo contendere* plea because Attorney's Kustra and Sweeny promised him that if he pled guilty to statutory sexual assault he would only have to serve a six-month county sentence for that charge and probation for his remaining charges, and that he could possibly serve five months of that sentence in alternative housing, rendering his nolo plea unknowing and involuntary, and (b) Attorney Sweeny was ineffective for telling Houghton, when Houghton wanted to withdraw his *nolo* plea, that it would take six months to get a trial date and that he could complete his six-month prison sentence by then (Sic.)

The background to this prosecution is set forth in the January 4, 2010 Memorandum of the Superior Court:

> On June 22, 2006, 18-year-old Houghton and 14-year-old "F.A.J." were at a house party in Carnegie drinking alcohol when the two engaged in sexual activity. In a separate incident that occurred on May 6, 2006, Houghton was pulled over by police driving a vehicle the wrong way down a one-way street. During the stop, the police discovered that the car had been reported stolen earlier in the day, that its owner had not given Houghton permission to use his vehicle, and that Houghton was driving without a valid driver's license.
>
> Houghton was arrested and charged with involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, corruption of minors, indecent assault, selling or furnishing liquor to minors, unauthorized use of a motor vehicle, and driving without a license. On January 3, 2007, Houghton, represented by Larry Kustra, Esquire ("Attorney Kustra") of the Allegheny County Office of the Public Defender, entered a *nolo contendere* plea to the charges of statutory sexual assault and corruption of minors , and a guilty plea to the vehicle offenses. No specific sentences were agreed upon with respect to these pleas. The Commonwealth did, however, agree to withdraw the charges of IDSI, indecent assault, and selling or furnishing liquor to minors…
>
> Prior to sentencing, the trial court was informed that Houghton wished to withdraw his *nolo contendere* plea. On April 23, 2007, the date of sentencing, Assistant Public Defender Patrick Sweeney, Esquire ("Attorney Sweeney"), who was representing Houghton at that time, told the trial court that Houghton had changed his mind and no longer wished to withdraw his *nolo* plea after learning that the Commonwealth could reinstate the charges that it had initially withdrawn pursuant to the agreement reached in connection with that plea.
>
> At the sentencing hearing, Houghton also entered additional guilty pleas to new charges of retail theft … loitering and prowling at nighttime… and receiving stolen property… the trial court immediately proceeded to sentencing on all charge...

3

The trial court then imposed upon Houghton an aggregate term of five to ten years of incarceration – four to eight years of incarceration for statutory sexual assault, and a consecutive one to two years of incarceration for corruption of minors (footnotes omitted).[6]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[6] See: Exhibit 11 to the answer at pp.124-126.

4

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

Because it appears that the issues which the petitioner seeks to raise here have been raised in the appellate courts of the Commonwealth they are properly before this Court for consideration. Thus we examine the allegations to determine whether or not Houghton's conviction was secured in a manner contrary to federal law as determined by the United States Supreme Court.

The petitioner's first claim is that Attorney Houghton was ineffective in discontinuing his direct appeal and that Attorney Kustra was ineffective for failing to challenge the aggravated range and consecutive sentences imposed and the trial court's failure to set forth an adequate basis for the imposed sentence.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was

5

deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In the present case, at a hearing held on April 29, 2008, Attorney Ciroli testified there were two issues which the petitioner sought to raise in his direct appeal. The first issue was the alleged ineffectiveness of counsel and the second issue was the imposition of an excessive sentence; that he explained that the sentence was a legal sentence and that although this issue could be raised on appeal, he believed it to be without merit; that by pursuing a direct appeal, the petitioner would merely delay his opportunity to raise his stronger claim, that is the claim of ineffective assistance of counsel which could not be raised in the direct appeal but had to be raised in a post-conviction petition,[7] and that it was the petitioner who ultimately decided to follow counsel's recommendation and discontinue his appeal so that he could proceed on the post-conviction issue.[8] The petitioner testified that he did not understand that he was waiving his right to pursue a direct appeal.[9] This legal strategy was "wholeheartedly" concurred in by the trial court.[10]

A tactical decision of counsel recommending that the appeal be discontinued so that the petitioner could pursue his stronger issue alleging ineffective counsel, is not a basis for relief. Rolan v Vaughn, 445 F.3d 671 (3d Cir.2006). In addition, the resolution

---
[7] See: Transcript of hearing held on April 29, 2008 at pp.5-9.
[8] Id at pp.9-10.
[9] Id. at pp.10-11.
[10] See: Exhibit 9 at p.79.

6

of the credibility of the testimony regarding whether or not petitioner voluntarily agreed to withdraw his direct appeal was resolved by the factfinder in favor of the Commonwealth and is entitled to deference here. 28 U.S.C. § 2254(e)(1). Thus, this claim does not provide a basis for relief here.

Additionally, in his first issue Houghton alleges that counsel was ineffective for failing to challenge the sentence imposed. A state sentence is not a basis for habeas relief unless there is no statutory basis for the sentence imposed. LaBoy v. Carroll, 437 F.Supp.2d 260 (D.Del.2006). In the instant case, the petitioner entered his plea to charges of statutory sexual assault in violation of 18 Pa.C.S.A.§3122, a second degree felony, and corruption of minors in violation of 18 Pa.C.S.A.§6301 a first degree misdemeanor. A second degree felony is punishable by a possible sentence of up to ten years, 18 Pa.C.S.A.§ 1103(2) and a first degree misdemeanor is punishable by a sentence of up to five years, 18 Pa.C.S.A.§1104(2). Thus, petitioner's sentence of four to eight years on the sexual assault charges plus additional sentences imposed resulting in the present five to ten years clearly falls within the statutory maximum and does not provide a basis for relief here. Thus, counsels' performances cannot be deemed constitutionally defective.

Additionally, as the trial court noted in her opinion of December 2, 2008:

> Due to the numerous charges and to avoid the confusion inherent in that number of sentences, this Court added up the aggravated sentences of each of the cases and imposed the aggregate sentence of four (4) to eight (8) years' imprisonment at the sexual assault charges

The trial court went on to set forth that under Pennsylvania law, the matter of sentencing is left to the sound discretion of the sentencing court as is the determination of whether such sentences should be served concurrently or consecutively.[11] For this reason, this claim does not provide a basis for relief.

The final issue which the petitioner raises here is that his plea of *nolo contendere* was not knowingly and voluntarily entered. In Bradshaw v. Stumpf, 545 U.S. 175 (2005), the Supreme Court repeated that a habeas challenge to a guilty plea can only succeed where it is demonstrated that the plea was not knowingly and voluntarily entered with the assistance of competent counsel.

---

[11] See: Exhibit 9 to the answer at pp.76-77.

7

At the plea hearing held on January 3, 2007, the plea agreement was set forth, i.e., that in exchange for a plea to counts 2 and 3, the Commonwealth would withdraw counts 1,4 and 5, and that sentencing would be left to the discretion of the court (N.T. 1/3/07 at p.2). The court then established that the petitioner had a high school diploma, that he could read, write and understand the English language; that he understood the charges to which he was pleading and the maximum penalties that could be imposed with a maximum of fifteen years on the sexual charges; that he was entering the plea because he was in fact guilty; that he understood the written colloquy he had executed regarding the charges; that he was satisfied with his representation and that his plea was knowingly, intelligently and voluntarily entered (N.T. 1/3/07 at pp.3-9).

At the post-conviction hearing held on April 29, 2008 the petitioner testified that he had been informed by counsel that he would receive a six to twelve month sentence (N.T. 4/29/08 pp. 12-13, 15, 25); that he would not have entered his plea if he knew of the possibility of a harsher sentence (N.T. 4/29/28 p.15); that no representation regarding the length of his sentence was stated in open court (N.T. 4/29/08 p.19) and that he filled out the plea form prior to entering his plea but that he did not understand it (N.T. 4/29/08 pp.19, 21, 24).

Patrick Sweeney, Esq. who represented the petitioner at the sentencing hearing testified that he thought there was a possibility of the petitioner receiving a six to twelve month sentence but he did not make any promises to the petitioner (N.T. 4/29/08 pp.34-35).

Lawrence Kustra, Esq. who represented the petitioner at the plea hearing testified that he would have discussed the possible maximum sentences that could be imposed and the sentencing guideline ranges with the petitioner (N.T. 4/29/08 p. 39); that he would never have discussed any sentence guarantee which was not a part of a plea agreement (N.T. 4/29/08 pp.40, 45); that once additional charges were filed against the petitioner he would not have believed that a six to twelve month sentence was a possibility (N.T. 4/29/08 pp. 40-41); that the plea agreement did not provide for the length of the sentence but only for the dismissal of some of the charges (N.T. 4/29/08 p.42) and that the petitioner completed the plea form independently (N.TY. 4/29/08 pp.44-45).[12]

The trial court resolved this issue in favor of the Commonwealth and on appeal the Superior Court held that as the fact finder issues of credibility are left to the trial court and that the records supports its conclusion.[13] Likewise under federal law this credibility determination is entitled to a presumption of correctness, and there is nothing in the record demonstrating any basis for disturbing this determination. 28 U.S.C. 2254(e)(1).

Because, the petitioner has failed to demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved and unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) he is not entitled to relief here.

Accordingly, it is recommended that the petition of Matthew D. Houghton for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
May 9, 2011                                   United States Magistrate Judge

---

[13] See: Exhibit 11 at p.139.